**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff/Respondent,** | § | |
| | § | |
| **v.** | § | **CR. No. C-05-250-1** |
| | § | **(C.A. No. C-09-275)** |
| **HENRY DELEON,** | § | |
| | § | |
| **Defendant/Movant.** | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO
ALTER OR AMEND JUDGMENT AND DENYING
<u>A CERTIFICATE OF APPEALABILITY</u>**

Pending before the Court is Movant Henry DeLeon's (DeLeon) Motion to Alter or Amend Judgment received by the Clerk on July 8, 2011. D.E. 154. He seeks reversal of this Court's Memorandum Opinion and Order and final judgment signed on June 23, 2011. D.E. 152, 153. The Court denies the motion to alter or amend judgment and denies a certificate of appealability.

## I.  FACTS AND PROCEEDINGS

The facts and proceedings were outlined in detail in this Court's Memorandum Opinion and order dated June 23, 2011, and will not be repeated. <u>See</u> D.E.152.

## II.  MOVANT'S ALLEGATIONS

DeLeon contends that this Court did not fully resolve all of the issues he raised in his § 2255 motion. He claims that the Court's Memorandum Order and Opinion failed to address the following issues, 1) prejudice from the government's closing argument relating to his <u>Bruton</u> claim, 2) subsidiary claims as part of Ground Two, and 3) the Court erroneously found Ground Four to be procedurally barred. DeLeon also asks this Court to make specific findings of fact  pursuant to Rule

1

52(b) of the Federal Rules of Civil Procedure.

## III.  DISCUSSION

### A.      Federal Rule of Civil Procedure 59(e)

The Federal Rules of Civil Procedure are applicable to federal habeas practice "only to the extent that they are not inconsistent with any statutory provisions or these rules." Rule 12, RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (2011). A Rule 59(e) motion must be filed within 28 days from Judgment. Fed. R. Civ. P. 59(e). DeLeon's motion filed on July 8, 2011, is timely.

To prevail on a Rule 59(e) motion, the movant must show at least one of the following: 1) an intervening change in controlling law, 2) new evidence not previously available, 3) the need to correct a clear or manifest error of law or fact or to prevent manifest injustice. In re Benjamin Moore & Co., 318 F.3d 626, 629 (5th Cir. 2002). "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" Rosenzweig v. Azurix Corp., 332 F.3d 854, 863-64 (5th Cir. 2003) (quoting Simon v. United States, 891 F.2d 1154, 1159 (5th Cir.1990)).

In some instances, a defendant bringing a Rule 59(e) motion may run afoul of the prohibition on second or successive motions. Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (post-judgment motion pursuant to Rule 60(b) may be construed as second or successive § 2255); Williams v. Thaler, 602 F.3d 291, 303 & n.10 (5th Cir. 2010) (finding 59(e) claim to be second or successive). It is only when a Rule 60 or 59(e) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," that it

does not raise a second or successive claim. Gonzalez, 524 U.S. at 532. Any other claim pursuant to either rule must be considered second or successive. Id.

**B.      Failure to Consider the Government's Closing Argument on the Prejudice Component of Deleon's Bruton Claim**

DeLeon claims that the Court's previous Order fails to address the prejudice to DeLeon from the government's closing argument which he claims continually emphasized Perrales' statement. DeLeon also contends that because Villela's testimony regarding Perrales's statement was the only evidence of DeLeon's intent that the statement had to seriously prejudice him. DeLeon further contends that none of the other evidence admitted at trial violated Bruton. This Court finds that the evidence admitted at trial, even without Villela's statement, amply supports the conclusion that DeLeon was expecting drugs. This Court assumed, without deciding, that DeLeon adequately stated a Bruton challenge, but decided that even if the admission of the testimony violated Bruton, DeLeon was not prejudiced by his counsel's failure to object.

Villela testified that Manuel Perrales, the co-defendant, gave an out-of-court statement that Henry was mad after he discovered that the content of the tire was not ice (pure methamphetamine), but was instead salt. Villela later testified that Perrales subsequently denied saying that Henry thought it was ice. This Court's Memorandum Order and Opinion cited the testimony of other witnesses that DeLeon was angry only after he discovered the contents of the tire to be salt as evidence that Villela's statement could not have been prejudicial under the Strickland standard. See D.E. 152 at III(C). In its Order, the Court did not recount closing argument.

The opening portion of the government's final argument asserted that DeLeon was expecting methamphetamine from Arizona, without stating what evidence the government relied upon. D.E.

3

70 at 28.[1] The government then argued that one of the Gomez brothers "heard Mr. Perrales do his final job in this conspiracy, which is to test the drugs. He tasted it and says, wait a minute, its salt, its salt, which is what set Henry off because that's not what Henry was expecting." Id. at 30. Then as his last words in that portion of argument, the prosecutor emphasized the mechanic's testimony,

> He says, yeah, Henry was in there, he was busting open the tire, watching Manny bust it open, Manny tasted it, said it was salt. Henry is not mad when the tire is busted open. He sees what is inside of it. Henry wasn't mad that this is what is in the tire, not six thousand dollars. Henry wasn't mad until Manny tasted and said, this is salt. Salt was not what was supposed to be in that tire. And he told you, that's when Henry got mad.

Id. at 36.

In the closing portion of the government's final argument, the prosecutor made a single reference to Perrales' statement to Brian Villela about Henry expecting ice. That argument was in response to argument by counsel for Perrales who spent considerable time explaining that Agent Villela's recitation of Perrales statement was not worthy of belief. Id. at 54-56. The government's response was, "Well, Mr. Villela testified under oath that in his interview with Manuel Perrales, Manny Perrales said Henry was mad because he thought it was ice, turned out it was salt. That's what he actually said." Id. at 61. Then the government argued the other evidence before the jury and the reasonable inferences from that evidence, including that it does not make sense for a drug dealer to send five pounds of nearly pure methamphetamine to someone who was not expecting drugs. Id. at 64. The government also argued that if DeLeon was expecting money not drugs, why did

---

[1]   The exact portion of the argument was,
Ochoa "secreted five pounds in a tire and sent it to Corpus Christi, Texas. When it reached Corpus Christi, Texas, its destination was Henry DeLeon. And there is no question that Henry DeLeon was expecting to receive something from Tim Ochoa, and he did receive it, and it was five pounds of methamphetamine. In fact it was five pounds of 80 percent pure methamphetamine, also known as ice."
Id.

DeLeon's people take the drugs out of the tire. The government referenced photos of the scene which showed the drugs neatly stacked away from the tire. Id. at 65-66. The government's closing argument consisted of 17 pages out of which only 1 sentence referred to the challenged statement. DeLeon's Rule 59(e) claim as to Bruton and this Court's failure to fully consider the prejudicial nature of the statement in light of the entire record is DENIED.

### C.   Counsel's Failure to Move for Acquittal on Count Two

DeLeon claims that the Court's previous Order did not fairly address all of the subsidiary issues related to Ground Three of his § 2255 motion. DeLeon's Legal Issue in his original § 2255 motion was, "Trial Counsel was ineffective for failing to move for a judgment of acquittal or dismissal of Count Two." D.E. 1 at 7, Ground Three. In the facts supporting that claim, DeLeon argued that because he received salt, he never possessed actual narcotics and he was not charged with attempted possession.

Count Two charged DeLeon with aiding and abetting possession with intent to distribute methamphetamine. D.E. 106 (Judgment). Aiding and Abetting criminalizes conduct that assists in the commission of a separate substantive offense. 18 U.S.C. § 2.[2] To prove aiding and abetting, the government must prove that the defendant "associated with a criminal venture, participated in the venture, and sought by his action to make the venture succeed." United States v. Mantotas-Mejia, 824 F.2d 360, 367 (5th Cir. 1987) (quoting United States v. Holcomb, 797 F.2d 1320, 1328 (5th Cir.

---

[2]   Section 2 (Principals) states,
(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.
18 U.S.C. § 2.

1986)). "The defendant must share the principal's criminal intent and engage in some affirmative conduct designed to aid the venture." Id. Here, DeLeon agreed with someone associated with Ochoa to accept transported drugs and exercised control over Angela Kabaz' travel to Corpus Christi, Texas to deliver the methamphetamine to DeLeon. The quantity of drugs involved supports DeLeon's intent to distribute.

Constructive possession occurs when the evidence indicates that the defendant exercised ownership, dominion or control over the drugs. United States v. Ornelas-Rodriguez, 12 F.3d 1339, 1346 (5th Cir. 1994); United States v. Richardson, 848 F.2d 509, 512-13 (5th Cir. 1988). Because DeLeon exercised control over Kabaz and the tire which originally contained methamphetamine, DeLeon aided and abetted the possession and distribution of methamphetamine.

DeLeon also argues that the offense proved was different than that pled in the indictment because he never possessed methamphetamine, only rock salt. He claims that difference constituted a fatal variance. "To prevail on a material variance claim," the movant must prove "(1) a variance between the indictment and the proof at trial, and (2) that the variance affected their substantial rights." United States v. Morgan, 117 F.3d 849, 858 (5th Cir. 1997); United States v. Morris, 46 F.3d 410, 414 (5th Cir. 1995). The government proved that the tire that Kabaz got from Ochoa was filled with methamphetamine. But for the interception by the police in Chandler, methamphetamine would have been delivered to Deleon. There was no fatal variance and no basis to move for dismissal or acquittal. This issue is DENIED.

**D.       DeLeon's Challenge to Juror 12**

DeLeon  claims that this Court's previous Order did not fully address his claims regarding the dismissal of Juror 12. He contends that the prior Order failed to address the legally irrelevant

basis for the Court's dismissal of the juror and this Court's allegedly erroneous view of the law governing dismissal. He also claims that he raised the issue of this Court's alleged inquiry into the mental thought processes of the juror. D.E. 154 at 7.

DeLeon's legal claim in his original filing was, "Both trial and appellate counsel were ineffective for failing to adequately challenge Court's handling and dismissal of Juror No. 12." D.E. 1 at 10. In support, DeLeon claimed that trial counsel did not challenge the Court's handling of the *ex parte* conversation with the juror  in violation of his right to be present at all critical stages of the proceeding. He also claimed that trial counsel failed to challenge this Court's application of Rule 24(c) regarding alternate jurors. DeLeon claims that "Appellate Counsel could have raised this issue on direct appeal but did not. As such, petitioner asserts his failure to do so amounts to ineffective assistance." Id. at 10-11, Ground Four.

The Fifth Circuit described the issue on appeal as follows, "In his sole issue on appeal, DeLeon maintains the district court abused its discretion by replacing an impaneled, with an alternate juror after the close of evidence but before deliberations." D.E. 134. The Fifth Circuit held that "The removal of the juror fell within the wide discretion afforded to the district court, in the light of its stated concern that, during deliberations, the juror could reveal the particularized information he possessed and act as a witness, thereby calling into question the validity of the verdict." Id. From the Fifth Circuit's opinion it is clear that DeLeon's post-conviction challenge to this Court's dismissal of Juror No. 12 is foreclosed as the Fifth Circuit found that the substitution of the impaneled juror by the alternate juror was within this Court's discretion. DeLeon claims that appellate counsel did not raise the issue, but clearly counsel did and the Fifth Circuit decided the issue holding that this Court did not abuse its discretion.

7

DeLeon next claims that counsel did not raise the issue in the manner he wished counsel to do so.[3] DeLeon did not provide the Court with Appellant's Brief and did not explain how DeLeon's version of the issue would have resulted in a different outcome on appeal as is required to demonstrate prejudice from counsel's alleged ineffectiveness. A claim of ineffectiveness of counsel requires both prejudice and conduct below an objective standard of reasonableness. Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim."). Here, because DeLeon cannot demonstrate prejudice, his claim fails. United States v. Reinhart, 357 F.3d 521, 530 (5th Cir. 2004) ("When a claim of ineffective assistance of counsel is premised on counsel's failure to raise an issue on appeal, 'the prejudice prong first requires a showing that [the Fifth Circuit] would have afforded relief on appeal.'").

This Court separately reviewed DeLeon's claim that the trial court's *ex parte* conversation with the juror violated his rights. See D.E. 152 at IV(H). DeLeon's Rule 59(e) challenge on ground Four is DENIED.

### E.      Remaining Claims are Successive

DeLeon claims that the previous Order did not address his claim that this Court erroneously delved into the thought processes of Juror 12. That claim was not identified as a ground for his § 2255 motion. DeLeon's Brief in Support mentioned in passing his assertion that the Court erroneously delved into the Juror's thought process, but did not identify the issue as a legal ground

---

[3]   With his motion, DeLeon attached letters from his appellate counsel in support of his motion, which this Court does not consider. DeLeon offered the letters in support of his claim that appellate counsel failed to meet with him and failed to write the brief to DeLeon's specifications. DeLeon's claim that counsel did not meet with him and did not phrase the issue on appeal to DeLeon's liking expands upon the ground initially raised in his § 2255 motion and must be denied as second or successive. See § III(E),infra.

8

or cite to the record or legal authority.

Although DeLeon does not cite authority for his contention that the Court's alleged inquiry into the juror's thought process was improper, he appears to refer to Rule 606(b) of the Federal Rules of Evidence which prohibits the inquiry into a juror's thought process when the juror is being questioned about the validity of an indictment or a verdict. This Court's inquiry, before deliberations, related only to the propriety of Juror 12's continued service. Rule 606(b) by its terms does not apply. See United States v. Sotelo, 97 F.3d 782,797 (5th Cir. 1996) ("Since the problem was brought to the court's attention prior to verdict, 606(b) does not impact the availability of juror testimony in resolving the factual issues raised.");  United States v. Sababu, 891 F.2d 1308, 1335 (7th Cir. 1989) ("In the instant case, the judge was requested to question the jurors during their deliberations and before they had reached a verdict. In such a situation, [Rule 606(b)] is inoperative and the trial judge was not restricted by it from conducting a voir dire of the jury as to the effect of the transcript on the deliberations."). There is no general rule that prohibits the inquiry made by the Court and Deleon does not cite authority for his claim that this Court's questioning of Juror 12 was improper.

To the extent that this issue was not properly raised by DeLeon's § 2255 motion, the ground is a second or successive claim. In pertinent part, 28 U.S.C. § 2255(h) provides:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

9

28 U.S.C. § 2255(h).

Where a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). DeLeon's motion does not indicate that he has sought or obtained such permission. Accordingly, his motion for relief from judgment (D.E. 154) is DENIED in part as second or successive.

### F.    Rule 52(b) of the Federal Rules of Civil Procedure Does Not Apply

Deleon claims that this Court is required by Rule 52(b) to make findings of fact and conclusions of law in his § 2255 motion. Rule 52 applies to "action[s] tried on the facts without a jury . . . ." Fed. R. Civ. P. 52(a).[4] DeLeon's motion does not qualify for treatment pursuant to Rule

---

[4]   Rule 52 reads in part,
(a) Findings and Conclusions.

(1) In General. In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately. The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court. Judgment must be entered under Rule 58. . . .

(3) For a Motion. The court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion. . . .

(5) Questioning the Evidentiary Support. A party may later question the sufficiency of the evidence supporting the findings, whether or not the party requested findings, objected to them, moved to amend them, or moved for partial findings.

(6) Setting Aside the Findings. Findings of fact, whether based on oral or other evidence, must not be set aside unless clearly erroneous, and the reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility.

(b) Amended or Additional Findings. On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings--or make additional findings--and may amend the

52 as the rule does not apply to motions. Fed. R. Civ. P. 52(a)(3). Rule 52(b) does permit a party to include a request for amended or additional findings along with a motion for new trial pursuant to Rule 59, but that only applies when the rule is otherwise applicable, which it is not here.

DeLeon's objection to this Court's previous Order on this ground is OVERRULED.

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). An appeal from the denial of a Rule 59 or 60 motion requires a certificate of appealability in all but very narrow circumstances. Ochoa Canales v. Quarterman, 507 F.3d 884, 888 (5th Cir. 2007) (holding that "a COA is not required to appeal the denial of a Rule 60(b) motion . . . only when the purpose of the motion is to reinstate appellate jurisdiction over the original denial of habeas relief."); see also Williams v. Quarterman, 293 Fed. Appx. 298, 315 (5th Cir., Sept. 19. 2008) (designated unpublished) (certificate of appealability required to appeal denial of Rule 59(e) motion). Although DeLeon has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

---

judgment accordingly. The motion may accompany a motion for a new trial under Rule 59. . . . .

Fed. R. Civ. P. 52.

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

The Court finds that DeLeon cannot establish at least one of the Slack criteria. Accordingly, DeLeon is not entitled to a COA as to his claims.

## V.   CONCLUSION

For the above-stated reasons, DeLeon's motion to alter or amend the judgment (D.E. 154) is **DENIED** and he is **DENIED** a Certificate of Appealability.

It is so **ORDERED.**

**SIGNED** on this 14th day of October, 2011.


JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE